FILED
2020 Apr-02  AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:19-cr-00102-LSC-GMB-1 |
| | ) | |
| ULISES FLORES MOLINA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

The Court has before it a "Motion Requesting Defendant's Release from Jail Detention and Transfer to Home Confinement due to Current Coronavirus Pandemic," filed on March 28, 2020, through counsel, by Defendant, Ulises Flores Molina ("Molina"). (Doc. 93.) The government has responded in opposition to the motion. (Doc. 95). For the following reasons, the motion is due to be denied.

The charges in this case stem from the seizure of methamphetamine from Molina and his co-defendant following a controlled purchase operation arranged by law enforcement. After a bond hearing, this Court ordered Molina detained pending trial. Molina subsequently pleaded guilty to drug conspiracy and is awaiting sentencing. He is currently detained in the Morgan County jail. Molina is a paraplegic and suffers from other serious medical conditions.

Molina now argues that due to his medical needs and the ongoing novel coronavirus pandemic, the Morgan County jail is not a "proper" facility to care for him. He requests that he be transferred to home confinement under the supervision of the US Marshals Service.

This Court was required to remand Molina to custody following his conviction. *See* 18 U.S.C. § 3143(a). While the Court can order pre-sentencing release where exceptional circumstances warrant, none appear here. *See* 18 U.S.C. § 3145(c). Molina has offered no evidence that he is uniquely situated with respect to the risks of COVID-19 or that the US Marshals Service and the Morgan County jail where he is presently housed are not appropriately addressing those risks. His health conditions are not new developments, and this Court considered them in its initial bond analysis and order of detention. He fails to identify any shortcoming in the care he receives at Morgan County jail that only the extraordinary measure of post-adjudication release would alleviate.

Similarly, Molina does not advance any argument as to why he would be better protected from exposure to COVID-19 in the community versus in jail. Morgan County – like other local jails – has implemented measures designed to limit the exposure of their population to infection. Additionally, Morgan County has 24-hour medical staff available. Indeed, Molina was moved from Talladega County

jail to Morgan County jail earlier in the course of this case to ensure he received adequate medical care. Finally, Molina has no lawful immigration status and is subject to an immigration detainer, which could result in his deportation if released from custody.

In sum, Molina has been convicted of a serious drug crime, and he has not demonstrated how the speculative risks to his own health outweigh the risk to the community posed by his release. The motion for release (doc. 93) is **DENIED**.

**DONE** and **ORDERED** on April 2, 2020.

_____
L. Scott Coogler
United States District Judge

173538